## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **TREVOR CLINGER**<br>4420 South Monroe Street<br>Tiffin, Ohio 44883<br><br>Plaintiff,<br><br>v.<br><br>**COOPER TIRE & RUBBER COMPANY**<br>701 Lima Ave<br>Findlay, Ohio 45840<br><br><br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No.<br><br>Judge<br><br>**COMPLAINT; JURY DEMAND<br>ENDORSED HEREON**<br><br>Francis J. Landry   (0006072)<br>Katherine A. Pawlak Macek (0086885)<br>**WASSERMAN, BRYAN, LANDRY<br> & HONOLD LLP**<br>1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719<br>Flandry308@aol.com<br>kmacek@wblhlaw.com<br>Attorney for Plaintiff<br>Trevor Clinger |

\*   \*   \*   \*   \*   \*   \*   \*

### JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991. 42 U.S.C. Sections 2000e et seq. This action is also for a violation of the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Section 12101, et seq. Plaintiff filed a charges of discrimination with the Equal Employment Opportunity

Commission on the basis of sex, retaliation and disability, charge numbers 22A-2021-01546, 22A-2021-01324 and 22A-2021-01325 which are attached hereto and incorporated by reference herein, as Exhibit A.[1] Plaintiff states on March 29, 2022, the District Director of the EEOC issued Plaintiff a notice of right to sue for charge 22A-2021-01546 advising him of his right to file suit in an appropriate Federal Court within 90 days of his receipt of said notices. This Court's supplemental jurisdiction is also invoked over state law claims of racial and disability discrimination and retaliation. The Toledo Regional Director issued Plaintiff a notice of right to sue advising him of his right to file suit in charges 22A-2021-01325 and 22A-2021-0324 on December 16, 2021 and in charge 22A-2021-01546 on February 10, 2022.

**PARTIES**

2. Plaintiff, Trevor Clinger, is a male citizen of the United States, and a resident of the City of Tiffin, County of Seneca, State of Ohio. At all times material hereto, Plaintiff was an employee of an employer within the meaning of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, the Americans with Disabilities Act and the ADAAA, and Chapter 4112 of the Ohio Revised Code, in that Defendant is an employer who employed more than fifteen (15) employees at all times material hereto.

3. Plaintiff states that the Defendant, is a corporation, duly licensed to do business in the state of Ohio, with a place of business in the County of Hancock, State of Ohio. At all relevant times, Defendant was an employer within the meaning of Title VII of the Civil Rights Act as amended and as amended by the Civil Rights Act of 1991, the Americans with Disabilities Act and the

---

[1] Plaintiff also filed charges under charge number 22A-2021-01326, 22A-2021-01327, 22A-2021-01458 and 22A-2021-01461 all of which were consolidated into charges 22A-2021-01325 and 22A-2021-01324. However, on March 29, 2022 the EEOC issued Right to Sue letters on charges 22A-2021-01326 and 22A-2021-01327.

ADAAA and Chapter 4112 of the Ohio Revised Code as it at all times material hereto employed more than fifteen (15) employees.

## GENERAL ALLEGATIONS

4. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act, and Chapter 4112 of the Ohio Revised Code.

5. Plaintiff is a male person with a disability.

6. Plaintiff has filed numerous previous charges of discrimination against Defendant with the Ohio Civil Rights Commission and the EEOC as well as internal complaints of discrimination.

7. Plaintiff was employed by Defendant in August of 2018 and was most recently employed as a servicer.

8. On April 22, 2021 Plaintiff was subjected to unwelcome harassment wherein he was threatened by a coworker who screamed at him causing spit to fly towards his face. The coworker screamed with his mask down around his chin, exposing Plaintiff to his spit flying in his face during the coronavirus pandemic.

9. The following day, on April 23, 2021 Plaintiff was terminated.

10. Plaintiff was informed that he was terminated for his complaints of discrimination, which Defendant believed were made "in bad faith."

11. Plaintiff was qualified for his position by virtue of his experience, and was performing his position to Defendant's reasonable expectations.

**FIRST CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act of 1964, Sex Discrimination and harassment**

12. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eleven (11) of this Complaint, supra, by reference in its entirety as if fully restated herein.

13. Plaintiff is a male individual. Plaintiff began his employment with Defendant in August of 2018. His most recent position was that of servicer. On April 23, 2021 he was terminated. Plaintiff was informed that he was terminated for his complaints of discrimination, which Defendant believed were made "in bad faith." Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual, as none of his complaints were made in bad faith. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

14. Plaintiff states that similarly situated female employees were not disciplined or terminated over the same issues which Plaintiff was disciplined and terminated.

15. Plaintiff states that similarly situated female employees were more favorably treated. They were permitted not written up for the same issues as Plaintiff and were retained in their positions. In terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his sex in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

16. During his tenure of employment, Plaintiff was subjected to severe and pervasive unwelcome harassment because of his sex. On April 22, 2021 Plaintiff was subjected to unwelcome harassment wherein he was threatened by a coworker who screamed at him causing spit to fly towards his face. Defendant was aware of this harassment, but took no action, and would not let plaintiff step away from the harassment. This harassment was based upon Plaintiff's sex. Plaintiff reported this harassment to Defendant. Defendant failed to take any prompt or remedial action. The harassment affected the terms and conditions of Plaintiff's employment. The conduct of

Defendant constitutes unlawful harassment in employment in violation of 42 U.S.C. Sections 2000e et seq.

17. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### SECOND CLAIM FOR RELIEF
**Ohio Revised Code Section 4112.02, Sex Discrimination and harassment**

18. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through seventeen (17) of this Complaint, supra, by reference in its entirety as if fully restated herein.

19. Plaintiff is a male individual. Plaintiff began his employment with Defendant in August of 2018. His most recent position was that of servicer. On April 23, 2021 he was terminated. Plaintiff was informed that he was terminated for his complaints of discrimination, which Defendant believed were made "in bad faith." Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual, as none of his complaints were made in bad faith. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

20. Plaintiff states that similarly situated female employees were not disciplined or terminated over the same issues which Plaintiff was disciplined and terminated.

21. Plaintiff states that similarly situated female employees were more favorably treated. They were permitted not written up for the same issues as Plaintiff and were retained in their positions. In terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his sex in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

22. During his tenure of employment, Plaintiff was subjected to severe and pervasive unwelcome harassment because of his sex. On April 22, 2021 Plaintiff was subjected to unwelcome harassment wherein he was threatened by a coworker who screamed at him causing spit to fly towards his face. Defendant was aware of this harassment, but took no action, and would not let plaintiff step away from the harassment. This harassment was based upon Plaintiff's sex. Plaintiff reported this harassment to Defendant. Defendant failed to take any prompt or remedial action. The harassment affected the terms and conditions of Plaintiff's employment. The conduct of Defendant constitutes unlawful harassment in employment in violation of Ohio Revised Code Section 4112.99 as amended.

23. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Retaliation-Title VII

24. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-three (23) of this Complaint, supra, by reference in its entirety as if fully restated herein

25. Plaintiff began his employment with Defendant in August of 2018. His most recent position was that of servicer. On April 23, 2021 he was terminated. Plaintiff was informed that he was terminated for his complaints of discrimination, which Defendant believed were made "in bad faith." Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual, as none of his complaints were made in bad faith. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

26. Plaintiff states that he way terminated for making complaints of discrimination.

27. Plaintiff states that similarly situated employees who did not complain about discrimination were more favorably treated. They were permitted not written up for the same issues as Plaintiff and were retained in their positions. In terminating Plaintiff, Defendant has intentionally retaliated against him in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

28. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**Retaliation-4112.02(I)**

29. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-eight (28) of this Complaint, supra, by reference in its entirety as if fully restated herein

30. Plaintiff began his employment with Defendant in August of 2018. His most recent position was that of servicer. On April 23, 2021 he was terminated. Plaintiff was informed that he was terminated for his complaints of discrimination, which Defendant believed were made "in bad faith." Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual, as none of his complaints were made in bad faith. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

31. Plaintiff states that he way terminated for making complaints of discrimination.

32. Plaintiff states that similarly situated employees who did not complain about discrimination were more favorably treated. They were permitted not written up for the same issues as Plaintiff

and were retained in their positions. In terminating Plaintiff, Defendant has intentionally retaliated against him in violation of Ohio Revised Code Section 4112.02(I).

33. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.**

34. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-three (33) of this Complaint, supra, by reference in its entirety as if fully restated herein.

35. Plaintiff began his employment with Defendant in August of 2018. His most recent position was that of servicer. On April 23, 2021 he was terminated. Plaintiff was informed that he was terminated for his complaints of discrimination, which Defendant believed were made "in bad faith." Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual, as none of his complaints were made in bad faith. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

36. Plaintiff states that at all times material hereto he suffered from a disabling condition of post traumatic stress disorder (PTSD). This impairment significantly affected a series of major life activities, including but not limited to thinking, concentrating, and interacting with others. Defendant was aware of Plaintiff's disabling conditions.

37. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was well qualified for his position, as he was a highly rated and skilled employee.

38. Plaintiff states his disabling condition is a disability within the meaning of the Americans with Disabilities Act. Notwithstanding these limitations, Plaintiff was able safely and substantially to perform the essential functions of his job with or without accommodation.

39. Plaintiff states that in terminating his employment the Defendant has intentionally discriminated against him on the basis of disability in violation of 42 USC Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

40. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SIXTH CLAIM FOR RELIEF
### Disability Discrimination- Ohio Revised Code Section 4112.02

41. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty (40) of this Complaint, supra, by reference in its entirety as if fully restated herein.

42. Plaintiff began his employment with Defendant in August of 2018. His most recent position was that of servicer. On April 23, 2021 he was terminated. Plaintiff was informed that he was terminated for his complaints of discrimination, which Defendant believed were made "in bad faith." Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual, as none of his complaints were made in bad faith. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

43. Plaintiff states that at all times material hereto he suffered from a disabling condition of post traumatic stress disorder (PTSD). This impairment significantly affected a series of major life activities, including but not limited to thinking, concentrating, and interacting with others. Defendant was aware of Plaintiff's disabling conditions.

44. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was well qualified for his position, as he was a highly rated and skilled employee.

45. Plaintiff states his disabling condition is a disability within the meaning of the Americans with Disabilities Act. Notwithstanding these limitations, Plaintiff was able safely and substantially to perform the essential functions of his job with or without accommodation.

46. Plaintiff states that in terminating his employment the Defendant has intentionally discriminated against him on the basis of disability in violation of Ohio Revised Code Section 4112.02.

47. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a judgment against Defendant ordering reinstatement and back wages, or in lieu of reinstatement, back and front pay, for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks his costs and attorney fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

                Respectfully submitted,

                **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

/s/ Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Trevor Clinger

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/s/ Francis J. Landry
Francis J. Landry